## Farrell's Estate

*Franklin L. Wright* and *Robert G. Erskine*, for accountant.

*M. Paul Smith*, for possible beneficiaries.

HOLLAND, P. J., January 17, 1940.—The trust arises under the eighth item of the will whereby the entire residue of the estate of testatrix is given to the said trustees to pay the income to her sister, Rosina C. Smith, for her life, with power on the part of the said trustees at their absolute discretion to consume so much of the principal for the benefit of the said Rosina C. Smith as in their

judgment may be necessary; and upon the death of the said Rosina C. Smith, the balance remaining in the hands of the said trustee to be awarded to Frederick R. Gillinder for the purpose of distributing for charitable uses and memorials along the line which testatrix had discussed with him and with which he was familiar, his decision as to the amount or amounts to be used and the purpose or purposes to which it or they should be used to be final and not subject to review.

The reason or purpose of the filing of the account now before the court is the death of Frederick R. Gillinder, who died on February 8, 1939.

Frederick R. Gillinder having died February 8, 1939, it becomes impossible for the unconsumed balance of principal to be awarded to him at the death of Rosina C. Smith. The question is submitted to the court as to what disposition should be made of the balance of principal for distribution at this time. Even if the late Frederick R. Gillinder had in writing unequivocally designated the charitable uses and memorials which were to benefit by the unconsumed balance of principal at the death of Rosina C. Smith, we would be doubtful whether it would be effective, he not having survived Rosina C. Smith. The direction of the will is that the distribution is to be made by him after her death.

However, the court is relieved from deciding this point, as Frederick R. Gillinder in his lifetime never made any such designation. There was an unexecuted writing found among his effects which was directed to the attention of the court, but the subject matter thereof was nothing more than a tentative memorandum as to what he might do in designating the beneficiaries of the fund. Even though it had been executed, it would not have been any exercise of his power of choice, but, of course, not having been executed, it is of no effect.

As the case now stands, therefore, Frederick R. Gillinder has never designated the recipients of the fund, and his death has entirely put beyond possibility the distribu-

tion of the fund or the designation of the recipients of the fund, as he and he alone was the person nominated by testatrix to designate the beneficiaries and to make the distribution. Testatrix therefore is intestate as to the unconsumed portion of the residue or principal of the fund.

Under the intestate laws, Rosina C. Smith is the sole next of kin of testatrix and is entitled to the entire principal of the trust. This being the case, the maintaining of the trust during her life has no longer any purpose, and at her option can be stricken down. Rosina C. Smith has expressed her desire that the trustee strike it down, whereby her life interest therein will merge with her absolute interest in the principal under the intestate laws. The award of the entire balance of principal and income for distribution will therefore be made to Rosina C. Smith.